IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SAMUEL GARRETT WADE,

    Petitioner,

v.                                                           No. 24-cv-1109 KWR/LF
                                                             No. 20-cr-1738 KWR/LF

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner Samuel Garrett Wade's 28 U.S.C. § 2255 habeas motion (CR Doc. 48; CV Doc. 1) (Habeas Motion). Wade is a federal prisoner and proceeding *pro se*. He challenges his 2021 convictions in Criminal Case No. 20-1738. Having reviewed the record and applicable law, Wade must show cause why the Habeas Motion should not be dismissed as time-barred.

## BACKGROUND

Wade pled guilty in 2021 to: (1) Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Methamphetamine (21 U.S.C. § 841(b)(1)(C)); (2) Felon in Possession of a Firearm (18 U.S.C. § 922(g)(1)); and (3) Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime, and Possessing a Firearm in Furtherance of Such Crime (18 U.S.C. § 924(c)(1)(A)(i)). (CR Doc. 33). The Court (Hon. Kea Riggs) sentenced him to 180 months imprisonment. (CR Doc. 46). Judgment on the conviction and sentence was entered on August 3, 2021. *Id.* Wade did not file a direct appeal.

On October 28, 2024, Wade filed the instant Habeas Motion.  (CV Doc. 1).   The Habeas Motion states:

> I am writing to file a 2255 motion (ineffective assistance of council (sic)) in regards to my case.  I was convicted of a 924(c) offense, possession of a firearm in furtherance of drug trafficking.  The 924(c) law changed 11-1-2023 stating that you must brandish the firearm to be convicted.  I did not brandish the firearm, it was in a zipped pocket of my jacket and was recovered after I was placed in handcuffs.

(CV Doc. 1).   The Court will review the Habeas Motion under Habeas Corpus Rule 4.

## DISCUSSION

Habeas Corpus Rule 4 requires a *sua sponte* review of § 2255 claims.   "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the petition."   Habeas Corpus Rule 4(b).   "If the motion is not dismissed, the judge must order the United States Attorney to file an answer ... ."  *Id.*   As part of the initial review process, "district courts are permitted ... to consider, *sua sponte*, the timeliness of a … habeas petition."   *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Section 2255 motions must generally be filed within one year after the defendant's conviction becomes final.   *See* 28 U.S.C. § 2255(f).   The one-year limitation period can be extended where:

(1) The inmate was prevented from making a motion by "governmental action in violation of the Constitution or laws of the United States...." § 2255(f)(2);

(2) The motion is based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3); or

(3) The inmate could not have discovered "the facts supporting the claim … through the exercise of due diligence."   § 2255(f)(4).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

Wade's Judgment became final no later than August 17, 2021, following expiration of the 14-day appeal period. *See United States v. Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000) (a conviction is final when the time for filing a direct appeal expires); Fed. R. App. P. 4(b)(1)(A) (defendant's notice of appeal in a criminal case must be filed within fourteen days after the entry of judgment). Absent tolling, the limitation period expired on August 17, 2022, and Wade's Habeas Motion filed on October 28, 2024 is time-barred. Accordingly, Wade shall file a response within thirty (30) days of entry of this Order showing cause why his Habeas Motion should not be summarily dismissed. Failure to timely comply or overcome the time-bar will result in dismissal of the habeas action without further notice. To the extent Wade wishes to file a compassionate-release motion under 18 U.S.C. § 3582 based on the United States Sentencing Commission's November 1, 2023 Sentencing Guideline amendment, he must file a separate motion in his criminal case.

**IT IS THEREFORE ORDERED** that within thirty (30) days of entry of this Order, Wade must file a response showing cause, if any, why his Habeas Motion should not be dismissed as untimely.

                                                                       /S/ KEA W. RIGGS
                                               UNITED STATES DISTRICT JUDGE